## STATE OF FLORIDA v COLE

### Case No. 89-40AC (A) 02 (County Court Case No. 89-13602 TC A02)

Fifteenth Judicial Circuit

April 2, 1990

### APPEARANCES OF COUNSEL

**Robert Jaegers, Esquire,** Assistant State Attorney, for appellant.

**Richard Barkin, Esquire,** for appellee.

Before COHEN, MILLER, CARLISLE, JJ.

### OPINION OF THE COURT

J. COHEN, Circuit Judge.

### *ON REHEARING*

The majority affirms the county court's order granting appellee's petition pursuant to Florida Statute 322.261(3) under Florida's Implied Consent Law.

The trial court found that the breathalyzer refusal form was not properly sworn to. Now having had the benefit of *State v Johnston,* 14 FLW 2848 (2d DCA, December 22, 1989), the majority herein affirms the instant case controlled by the facts and law set forth in *Johnston,* at p. 2848.

In our opinion filed December 23, 1989 in *State v Reed,* 39 Fla.

Supp. 2d—, I dissented for the reasons now set forth in *Johnston*. (Although the original opinion filed December 12, 1989 incorrect records my concurrent with said opinion, a later order has now corrected that opinion to show my dissent.) Had the entire court had the benefit of *State v Johnston*, 14 FLW 2848 (2d DCA, December 22, 1989), the majority opinion may very well have been otherwise.

MILLER, J., concurs.

CARLISLE, J., dissent.

CARLISLE, J.

I dissent.

The issue in this case is whether the breathalyzer refusal form was, in fact, sworn to. Trooper Segalla executed a Refusal to Submit to Breath, Urine or Blood Test form pursuant to 322.261, F.S., a copy of which is attached hereto as Exhibit A and made a part hereof.

[Editor's Note: Exhibit A is not included herein due to unavailability of publishable copy.]

Trooper Segalla was asked:

Q. ". . . did you just sign it and someone else

observed you and signed it, or did you raise your

hand and swear under oath?"

A. "I signed it, and someone else notarized it."

Q. "O.K. You didn't actually raise your hand and

swear to the contents of it?"

A. "No. . . ."

Neither did Trooper Segalla invoke the Diety, engage in animal sacrifice, or even cross his fingers and hope to die. Nevertheless, the affidavit was sworn to within the meaning of the statute.

Affirm is synonymous with swear, 1.01(6) F.S. Section 117.10 provides that law enforcement officers are notaries public for the purpose of attesting to documents in connection with the performance of their official duties.

The purpose of obtaining a valid oath is that perjury will lie for its falsity. An oath is an unequivocal act before an officer authorized to administer oaths by which the person knowingly attests to the truth of the statement and assumes the obligations of an oath. While an oath is an unequivocal act, it requires no particular ritual. There are no magic words, no arcane formulae. The unequivocal act in this case is the

placing of the officer's signature before an officer authorized to administer oaths. In this case, Trooper Segalla affirmed the facts alleged in the refusal form. This took place before a notary.

Appellee cites *State of Johnston,* 14 FLW 2848. There the attesting officer failed to provide his signature, title or the date. In the instant case, we have the signature of Trooper Segalla as well as the seal and signature of the notary.

If the matters alleged in the form were untrue Trooper Segalla could not defend against a perjury charge by stating he had not raised his hand and sworn under oath any more than he could by insisting he had kept his fingers crossed. When he signs the form before an attesting officer or a notary, he subjects himself to the penalty of perjury. The taking of the oath is inherent in completing the form and signing it before an attesting officer or a notary. The oath does not depend on the raising of a hand, and it is not affected by whether it is the right hand or the left hand that is raised. For these reasons I dissent.